UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-80765-CIV-RYSKAMP/VITUNAC

YOUNG APARTMENTS, INC.,
GARY WESTON and PAOLO
WESTON,

     Plaintiffs,

v.

TOWN OF JUPITER, FLORIDA,

     Defendant.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS CAUSE comes before the Court upon Plaintiffs' motion for reconsideration **[DE 142]**, filed on April 12, 2007.  Defendant responded **[DE 143]** on April 25, 2007.  Plaintiffs did not file a reply.  The motion is now ripe for adjudication.

Motions for reconsideration under Rule 59 of the Federal Rules of Civil Procedure, are only granted in rare circumstances to "correct manifest errors of law or fact or to present newly discovered evidence." *See, e.g., Z.K. Marine v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992).  In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999).  Defendant must present strong reasons for why the Court should reconsider its prior decision, setting forth "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).  A "motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made. *Z.K. Marine, Inc.*, 808 F. Supp. at 1563.  Instead, a motion for reconsideration is appropriate where the

"court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension... such problems rarely arise and the motion to reconsider should be equally rare." *Id.*

Here Plaintiffs argue that this Court's order granting summary judgement "is predicated upon manifest errors of fact, misunderstanding of plaintiffs' arguments, and facts outside the adversarial issues presented."

Applying the foregoing principles to this case, the Court concludes that Plaintiffs have not presented sufficient facts to constitute any of the grounds necessary for reconsideration under Fed. R. Civ. P. 59(e). .  As such, this motion requests that this Court rethink its earlier decision. It is therefore,

ORDERED AND ADJUDGED that: Plaintiffs' motion to reconsider **[DE 142]** is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 21 day of May, 2007.

                                        /s/ Kenneth L. Ryskamp
                                        KENNETH L. RYSKAMP
                                        UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record